UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ASHKAN RAJAEE and NASSIM RAJAEE,<br><br>                          Debtors.<br>_____<br><br>ASHKAN RAJAEE,<br><br>                          Appellant,<br><br>  v.<br><br>TYLER BRANDON DAVIS and TOPDEVZ, LLC,<br><br>                          Appellees. | Case No.: 25-cv-2850-RSH-JLB<br><br>(Appeal from S.D. Cal. Bankr. Case No. 3:24-bk-00617-CL)<br><br>**ORDER AFFIRMING RULING OF U.S. BANKRUPTCY COURT** |

Appellant Ashkan Rajaee ("Appellant" or "Rajaee") appeals from a September 12, 2025 order of the U.S. Bankruptcy Court for the Southern District of California (the "Bankruptcy Court") denying Rajaee's motion seeking damages for violations of the automatic stay. ECF No. 1. The underlying case is *In re Ashkan Rajaee & Nassim Rajaee*, No. 3:24-bk-00617-CL (S.D. Cal. Bankr.) (the "Bankruptcy Case").

1

As set forth below, the Court affirms.

## I. BACKGROUND

The Court incorporates the description of the Bankruptcy Case contained in the Court's October 31, 2025 order denying one of Rajaee's previous bankruptcy appeals, Case No. 25-cv-667, ECF No. 23.

The instant appeal is one of Rajaee's numerous appeals pending in the U.S. District Court for the Southern District of California, each arising from an order entered in the Bankruptcy Case:

(1)    No. 25-cv-667-RSH-KSC (notice of appeal filed on Mar. 20, 2025; affirmed on Oct. 31, 2025)

(2)    No. 25-cv-777-BJC-JLB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 16, 2025)

(3)    No. 25-cv-778-BEN-DEB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 4, 2025)

(4)    The instant appeal, No. 25-cv-2850-RSH-JLB (notice of appeal filed on Sept. 24, 2025)

(5)    No. 25-cv-3480-RSH-GC (notice of appeal filed on Oct. 30, 2025; pending)

(6)    No. 25-cv-3260-RSH-GC (notice of appeal filed on Nov. 13, 2025; dismissed on Apr. 23, 2026)

(7)    No. 25-cv-3506-RSH-GC (notice of appeal filed Nov. 21, 2025; dismissed on Apr. 23, 2026)

(8)    No. 25-cv-3530-RSH-GC (notice of appeal filed Nov. 26, 2025; dismissed on Apr. 23, 2026)

(9)    No. 26-cv-76-RSH-GC (notice of appeal filed Dec. 23, 2025; dismissed on Apr. 23, 2026)

25-cv-2850-RSH-JLB

(10)    No. 26-cv-937-RSH-GC (notice of appeal filed Feb. 3, 2026; pending)[1]

The instant appeal arises in connection with Rajaee's motion, filed on July 14, 2025, seeking damages for violations of the automatic stay. *See* Bankruptcy Case, Dkt. No. 523.

On September 12, 2025, the Bankruptcy Court denied the motion. *See id.*, Dkt. No. 587. The order stated as follows:

> The court has considered Debtor's motion for stay violations (ECF No. 523), Creditor Davis's opposition (ECF No. 546), Debtor's reply (ECF No. 559), oral argument at the hearing on the matter, and its own docket. He requests § 362(k) damages, contending the Trustee, Creditor, and his attorney violated the automatic stay. For the reasons set forth below, it will deny the motion.
>
> Creditor and his attorney's actions from 2021 to 2023 are not a basis for stay violations. The stay came into effect on February 26, 2024, upon this bankruptcy's petition filing (ECF No. 1). All events that happened before then did not violate the stay. § 362; *In re The Minoco Grp. of Cos.*, 799 F.2d 517, 520 (9th Cir. 1986). Among others, those events include the arbitration, state court litigation, and alleged IRS tax fraud. In sum, these pre-petition events do not offend § 362.
>
> Debtor claims all proceedings and filings by Creditor, his attorney, and the Trustee in this bankruptcy are violative actions. The argument is meritless. The Ninth Circuit is clear that the "stay does not apply to proceedings commenced against the debtor in the bankruptcy court where the debtor's bankruptcy is pending." *In re Miller*, 397 F.3d 726, 730 (9th Cir. 2005) (citing *In re N. Coast Vill., Ltd.*, 135 B.R. 641, 643 (B.A.P. 9th Cir. 1992). Accordingly, the filings on this court's docket do not run afoul of the automatic stay.

---

[1]    Additionally, Rajaee has filed several civil lawsuits against one or more of the appellees in this case, including the following actions assigned to the undersigned: (1) *Rajaee v. Davis et al.*, No. 24-cv-1-RSH-KSC (complaint filed Jan. 2, 2024; dismissed on Apr. 12, 2024); (2) *Rajaee v. Davis et al.*, No. 24-cv-549-RSH-KSC (complaint filed Mar. 22, 2024; dismissed on Dec. 30, 2024); (3) *Rajaee v. Davis et al.*, No. 24-cv-550-RSH-KSC (complaint filed Mar. 22, 2024; dismissed on Dec. 30, 2024); and (4) *Rajaee et al. v. Davis et al.*, No. 26-cv-80-RSH-GC (complaint filed Jan. 6, 2026; pending).

> Finally, Debtor claims that Creditor is stalking him. He cites his paper at ECF No. 313 pg. 27 where he quoted messages allegedly from Creditor. However, Debtor provides no evidence, such as screenshots, of the messages' origin, date, or sender. Without this information, the court cannot determine if there is a stay offense. And the debtor bears the burden of proving such a violation by sufficient and persuasive evidence. On the current record, then, the court cannot find a stay violation to have occurred.
>
> . . . .
>
> Debtor has not shown an offending action under § 362's automatic stay. Consequently, there are no grounds for damages. §§ 105, 362 & 524. The motion is denied without prejudice.

*Id.* at 2.

Rajaee appeals from this order denying his motion for damages.

## II.    DISCUSSION

The issue on this appeal is whether the Bankruptcy Court erred in determining that there was no violation of the automatic stay under 11 U.S.C. § 362. Appellees state that "[t]his Court must determine if the subject order is final for it to exercise jurisdiction over this appeal," ECF No. 6 at 2, but devote little attention to the issue, and request affirmance of the Bankruptcy Court's order rather than dismissal for lack of subject matter jurisdiction. Rajaee maintains that the order at issue is final and appealable. ECF No. 5 at 12. This Court agrees with Rajaee in this regard. *See In re Cimarron Investors*, 848 F.2d 974, 975 (9th Cir. 1988) ("This court's jurisdiction flows from 28 U.S.C. § 158(d) because a grant or denial of a motion for relief from an automatic stay is considered a final order."); *In re Universal Life Church*, No. CV-F-93-5893-OWW, 1994 WL 776884, at *1, *3 (E.D. Cal. 1994) (determining that a bankruptcy court order denying a motion for violation of 11 U.S.C. § 362 is a final order for purposes of appeal to the district court under 28 U.S.C. § 158(a)).

"Whether the automatic stay provisions of 11 U.S.C. § 362(a) have been violated is a question of law reviewed de novo." *In re Mwangi*, 764 F.3d 1168, 1173 (9th Cir. 2014) (quoting *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002)).

Rajaee does not meaningfully address the Bankruptcy Court's reasons for denying his motion for damages: namely, that neither the allegations about pre-petition events, nor grievances about filings within the Bankruptcy Case, amount to violations of the automatic stay. Indeed, Rajaee's principal brief does not discuss the automatic stay or 11 U.S.C. § 362.

Instead, Rajaee's contention on appeal is that the Bankruptcy Court's September 12, 2025 order on his damages motion is "demonstrably void" because it was "procured by fraud." ECF No. 5 at 47. He asserts that "predicate jurisdiction never attached to prior orders" of the Bankruptcy Court, with the result that neither the appellees nor the Chapter 7 Trustee have "standing" in the Bankruptcy Case. *Id.* In his reply brief, Rajaee explains that his theory is that the Bankruptcy Court denied Rajaee's motion for damages "without first resolving the predicate jurisdictional, standing, and fraud-on-the-court issues that, if decided in [Rajaee's] favor, mean [Rajaee] never ceased being the Chapter 11 debtor-in-possession and that later acts of control over estate property were unauthorized from inception." ECF No. 7 at 5. These "jurisdictional, standing, and fraud-on-the-court issues" in turn refer back to Rajaee's pre-petition business dispute with appellees—in which appellees obtained an arbitration award against Rajaee, and the San Diego Superior Court confirmed the award, both events in 2023. *See id.* Rajaee's position seems to be that a federal court ruling that fails to rectify the alleged errors in the arbitration award and the state court judgment is itself not only erroneous but void.[2]

---

[2]   Rajaee's reply brief further explains: "The reason the stay violations matter is the May 9, 2024, conversion order. Appellees rely on that order as the event that converted the case to Chapter 7, installed the Chapter 7 trustee Chirstopher Barclay ('Trustee' or

These assertions are without merit. Rajaee has not demonstrated that the September 12, 2025 order on his damages motion was erroneous, or void, or procured by fraud. His filing of a motion alleging a violation of the automatic stay did not somehow obligate the Bankruptcy Court to reconsider its May 9, 2024 order converting Rajaee's Chapter 11 filing to Chapter 7—an order Rajaee did not appeal—to address whether the Chapter 7 Trustee had "standing" to oppose Rajaee's motion or to fulfill its court-appointed role. Nor did Rajaee's damages motion require the Bankruptcy Court, through addressing the "standing" of appellees as claimants in the bankruptcy case, to reevaluate the arbitration award or state court judgment from 2023. Indeed, over two years ago in a separate federal lawsuit that Rajaee filed, this Court determined that such review was barred by the *Rooker-Feldman* doctrine. *See Rajaee v. Davis et al.*, No. 24-cv-1-RSH-KSC, ECF No. 138 (Apr. 11, 2024 order of dismissal). Rajaee is not entitled to compel a bankruptcy court or a district court to collaterally review the outcome of a prior state court proceeding merely by insisting that such review poses a "threshold" question, or a question of "predicate jurisdiction," in connection with a motion he files.

The Court affirms the September 12, 2025 order of the Bankruptcy Court for the reasons stated therein.

//

//

//

---

'Barclay'), and extinguished Appellant's authority as debtor-in-possession. But the conversion order did not arise in a vacuum. It expressly relied on Davis and TopDevz's counsel, D. Edward Hays's ('Hays') use of the arbitration ruling and the August 15, 2023, San Diego confirmation judgment through ECF 19. Doc. 5 at 19-21, 44-47. If a federal court gives operative effect to a state court predicate that was entered notwithstanding a lack of subject-matter jurisdiction, the federal court has acted 'in a manner inconsistent with due process of law.'" ECF No. 7 at 5.

25-cv-2850-RSH-JLB

## III.    CONCLUSION

For the foregoing reasons, the September 12, 2025 order of the Bankruptcy Court [Dkt. No. 587] is **AFFIRMED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: April 23, 2026

_____
Hon. Robert S. Huie
United States District Judge

25-cv-2850-RSH-JLB