UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ASHKAN RAJAEE and NASSIM RAJAEE,<br>Debtors.<br><br>ASHKAN RAJAEE,<br>Appellant,<br>v.<br>TYLER BRANDON DAVIS and TOPDEVZ LLC,<br>Appellees. | Case No.: 25-cv-2850-RSH-JLB<br><br>(Appeal from S.D. Cal. Bankr. Case No. 3:24-bk-00617-CL)<br><br>**ORDER DENYING APPELLANT'S MOTION FOR REHEARING**<br><br>[ECF No. 10] |

Pending before the Court is a motion by debtor and appellant Ashkan Rajaee ("Appellant" or "Rajaee") requesting rehearing pursuant to Fed. R. Bankr. P. 8022 of this Court's April 23, 2026 order of dismissal. ECF No. 10.

Under Fed. R. Bankr. P. 8022, a party may move for rehearing of a district court's order on a bankruptcy appeal. "[T]he motion must state with particularity each point of law

or fact that the movant believes the district court or BAP has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). A motion under Fed. R. Bankr. P. 8022 is similar to a petition for rehearing under Fed. R. App. P. 40. *See In re Fowler*, 394 F.3d 1208, 1214-15 (9th Cir. 2005) (affirming denial of motion for rehearing where district court applied Rule 40 standard in bankruptcy matter); *In re Silver*, No. 23-60004, 2024 WL 838698, at *1 (9th Cir. Feb. 28, 2024) (citing *Fowler* as setting forth the standard of review on a Rule 8022 motion).

"[A] petition for rehearing is not a vehicle for a party to 'study and reargue his case anew.'" *United States v. Mageno*, 786 F.3d 768, 775 (quoting *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962)); *see also Easley v. Reuss*, 532 F.3d 592, 593-94 (7th Cir. 2008) (collecting cases for the proposition that Fed. R. App. P. 40 "is not a vehicle for presenting new arguments, and, absent extraordinary circumstances, [courts] shall not entertain arguments raised for the first time in a petition for rehearing").

In his motion for rehearing, Rajaee contends that both the Bankruptcy Court and this Court failed to analyze Rajaee's contentions that the following acts violated the automatic stay in this case: "Davis holding himself out as TopDevz manager, retaining Hays for TopDevz, instructing Hays to prepare papers for TopDevz, and causing TopDevz to act in bankruptcy based only on judgment-derived authority." ECF No. 10 at 5. Rajaee's appellate briefing did not establish that such acts violated the automatic stay in this case.

Rajaee appears to be using the instant appeal as a means to overturn the Bankruptcy Court's May 9, 2024 order converting Rajaee's bankruptcy to Chapter 7. *See* ECF No. 5 at 47. But he did not timely appeal that conversion order. *See* Case No. 25-cv-667, Dkt. No. 23 (Oct. 31, 2025 order affirming Bankruptcy Court's denial of reconsideration of conversion order), at 10-12. More broadly, he is seeking to use this appeal as a means to collaterally attack an earlier San Diego Superior Court judgment that is simply unrelated to the automatic stay in this case. *See* ECF No. 5 at 35.

//

The Court has considered the arguments made in Rajaee's motion for rehearing and determines that they are without merit. Accordingly, the motion [ECF No. 10] is **DENIED**.[1]

**IT IS SO ORDERED**.

Dated: August 10, 2026

Hon. Robert S. Huie
United States District Judge

[1] The Court takes notice of the records submitted by Rajaee.